**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3600-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DENVER J. ROMERO,

     Defendant-Appellant.

_____

> Submitted September 17, 2018 – Decided September 20, 2018
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-02-0191.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).
>
> Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Denver J. Romero appeals from the March 22, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Union County grand jury charged defendant in a two-count indictment with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count one); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (count two). Following a trial, the jury convicted defendant of count one; and of simple assault, N.J.S.A. 2C:12-1(a), as a lesser-included offense of third-degree assault on count two. On count one, the trial judge sentenced defendant to five years in prison, subject to the 85% parole ineligibility provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2, and assessed appropriate fines and penalties on count two. Defendant did not file a direct appeal from his conviction and sentence.

Defendant subsequently filed a petition for PCR, contending that his trial counsel rendered ineffective assistance by failing to: (1) adequately contest the State's introduction of the recorded recollection of one of its witnesses under N.J.R.E. 803(c)(5) during her testimony at the trial; and (2) conduct a more thorough cross-examination of this witness.

In a comprehensive written opinion, Judge Frederic R. McDaniel considered both of these contentions and denied defendant's petition. The judge

concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

After reviewing the trial transcript, Judge McDaniel found that "despite defendant's claim that trial counsel failed to recognize and adequately argue against the admission of [the witness's] statement, trial counsel argued two grounds for which the statement [of the witness] should not be admitted."  In response to defendant's claim that the trial judge incorrectly admitted the witness's statement at trial despite his attorney's objection, Judge McDaniel held that defendant's challenge to this ruling was barred by Rule 3:22-4(a)[1] because defendant did not file a direct appeal raising this claim.  In any event, Judge McDaniel found that the statement was properly admitted under N.J.R.E. 803(c)(5) because the transcript clearly demonstrated that the witness had "insufficient present recollection" concerning the subject matter set forth in the statement.

---

[1]  In pertinent part, Rule 3:22-4(a) provides that, subject to exceptions not applicable here, "[a]ny ground for relief not raised . . . in any appeal taken [from a conviction] is barred from assertion in" a first petition for PCR.

Judge McDaniel next rejected defendant's contention that his trial attorney should have asked the witness different questions on cross-examination because she then would have given more favorable responses. The judge found that defendant did not support his bald assertion with a certification from the witness stating the substance of any testimony she would have given had the attorney posed different or additional questions to her. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING BECAUSE DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVENESS UNDER STRICKLAND V. WASHINGTON, 466 U.S. 668, 694 (1984).
>
> A. The PCR Court Erroneously Determined That Additional Certifications Were Required And That [T]he PCR Petition Was Procedurally Barred.
>
> B. The PCR Court Incorrectly Found That [The Witness's] Damaging Statement Was [A] Recorded Recollection.
>
> C. The PCR Court Failed To Adequately Explain Why It Was Not Granting [A]n Evidentiary Hearing.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested

4

relief. <u>State v. Nash</u>, 212 N.J. 518, 541 (2013); <u>State v. Preciose</u>, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. <u>Preciose</u>, 129 N.J. at 462.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. Further, because prejudice is not presumed, <u>State v. Fritz</u>, 105 N.J. 42, 52 (1987), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. <u>U.S. v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy. Strickland, 466 U.S. at 689. As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
>
> [Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge McDaniel's thorough written opinion. The judge's finding that defendant's trial attorney adequately argued against the admission of the witness's recorded recollection is amply supported by the trial record. Although defendant attempted to contest the trial judge's determination to permit the statement to be read to the jury over defense counsel's repeated

6

objections, Judge McDaniel correctly found that defendant was barred from challenging that evidentiary ruling in a PCR proceeding by Rule 3:22-4(a).[2]

We also discern no basis for disturbing Judge McDaniel's rejection of defendant's argument that his trial attorney should have asked the witness different questions on cross-examination. A defendant is required to establish the right to PCR by a preponderance of the evidence. Preciose, 129 N.J. at 459. The court must consider the defendant's "contentions indulgently and view the facts asserted by him [or her] in the light most favorable to him [or her]." Cummings, 321 N.J. Super. at 170. However, a defendant must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Here, defendant failed to present an affidavit or certification from the witness explaining what testimony she would have given had defense counsel asked her additional questions on cross-examination. Without that critical information, defendant's contention that the witness would have provided more favorable testimony is a classic "bald assertion" that did not warrant an evidentiary hearing or PCR relief. Ibid.

_____

[2] In any event, we agree with the trial judge's and Judge McDaniel's determinations that the statement clearly met all of the requirements for admission under N.J.R.E. 803(c)(5).

A-3600-16T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION